# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF ALABAMA

In re

THEORA R. GOODMAN
JANIE H. GOODMAN,

    Debtors

Case No. 16-80809-WRS
Chapter 13

## MEMORANDUM DECISION

A Debtor in bankruptcy may avoid certain security interests in household goods to the extent the security interest impairs an exemption to which the debtor is entitled. In this case, the Debtor moved to avoid the nonpossessory, nonpurchase money security interest of Republic Finance in certain household goods. (Doc. 18). Republic objected to the avoidance of a 42" John Deere Riding Lawn Mower, claiming it was not a household good because it qualified as a lawn tractor. Republic does not oppose the motion with respect to any other item of collateral described in the Debtor's motion. The question is whether the John Deere is a lawn mower, which could be the subject of a motion to avoid a security interest, or a lawn tractor, which could not.

## I. FACTS

On January 22, 2015, Debtor Theora R. Goodman borrowed money from Republic Finance ("Republic") and granted it a security interest in the following collateral: (1) a 42" John Deere Riding Lawn Mower (the "John Deere"); (2) a Craftsman Skill Saw; (3) a Ryobi Cordless Drill; (4) a 42" Samsung Flat Screen HDTV; (5) a 32" Sceptre Flat Screen HDTV; (6) a Pioneer Surround Sound System; (7) a Weed Eater brand weed eater; and (8) an Echo Leaf Blower. On June 30, 2016, Goodman and his wife filed a petition in bankruptcy pursuant to Chapter 13 of the

Bankruptcy Code. (Doc. 1). On August 12, 2016, Goodman filed a motion to avoid Republic's security interest pursuant to 11 U.S.C. § 522(f)(1)(B). (Doc. 18). Republic filed a timely objection to the motion, but only as to the John Deere. (Doc. 21).

The dispute centers on whether the John Deere is a "lawn tractor" within the meaning of 11 U.S.C. § 522(f)(4)(B)(v). If it is, as contended by Republic, then Goodman's motion must be denied, as to the lawn mower, or lawn tractor. Both the Debtor and the local office manager for Republic testified at the evidentiary hearing. Not surprisingly, the Debtor testified that the John Deere in question was a riding lawn mower and Republic's office manager testified that it was a lawn tractor. The Debtor offered a photograph of the lawn mower into evidence, which depicted a riding lawn mower. Republic noted that it is possible to connect a wagon to the back of the John Deere, while counsel for the Debtor argued that it did not have a PTO (power take off) or any attachments that could make the mower do anything other than cut grass. Moreover, given the nature of the attachment and the size of the lawn mower, it appears that any wagon to be attached to the mower could not carry any significant amount of weight. The parties did not offer any other evidence. The Court finds that the mower in question is capable of carrying one seated operator and cutting a swath of grass 42 inches in diameter, and no other material task.

## II. LAW

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b). This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(K). This is a final order.

A debtor may avoid a nonpossessory, nonpurchase money security interest in "household furnishings, household goods, wearing apparel, [and] . . . appliances" to the extent that it impairs

an exemption to which the debtor would have been entitled. 11 U.S.C. § 522(f)(1)(B). Republic does not dispute that its security interest impairs the Debtors' exemptions, however, it contends that the John Deere in question is not a "household good" within the meaning of the statute. Instead, Republic contends it is a lawn tractor. In 2005, the statute was amended to add the following provision: "[t]he term 'household goods' does not include– . . . (v) a computer (except as otherwise provided for in this section), motor vehicle (including a tractor or lawn tractor), boat, or a motorized recreational device, conveyance, vehicle, watercraft, or aircraft." 11 U.S.C. § 522(f)(4)(B)(v).

The statute does not further define the term "lawn tractor." Employing the *noscitur a sociis* canon of statutory construction, to determine the meaning of an unclear term, one looks at the words immediately surrounding it. See, Black's Law Dictionary 1087, (8th ed. 2004). In this statute, one notes that the term "lawn tractor" is contained in a parenthetical following the term motor vehicle, suggesting that "lawn tractor" may be used for transportation. While a riding lawn mower can theoretically be used for transportation, it is poorly suited to such a task. A farm tractor, on the other hand, while not suitable for cross country travel, is nicely suited for short trips. For example, if one traveled to a neighboring farm, one might well use a farm tractor but would not use a riding lawn mower. The structure of the sentence containing "lawn tractor," which modifies "motor vehicle," suggests that the meaning of lawn tractor is intended to mean smaller tractors capable of some speed in excess of a brisk walk, which would exclude riding lawn mowers such as the John Deere in question.

In one of the few reported cases on this point, the Bankruptcy Court in the Northern District of Mississippi recently considered the distinction between a riding lawn mower, which

could be the subject of a motion to avoid a security interest, and a lawn tractor, which could not. In re Evans, 548 B.R. 449 (Bankr. N.D. Miss. 2016). The Court in Evans concluded that a lawn tractor is a vehicle used to haul or power implements, not limited to just cutting grass with a rotary blade, and that is capable of diverse lawn functions. Id. at 456. Whereas, a lawn mower is not suited to perform any significant task other than to cut grass. Id. The ability to use simple attachments and haul insignificant amounts of weight does not make a lawn tractor. Id. This Court finds the Court's reasoning in Evans persuasive and adopts its rule here.

### III. ANALYSIS

Republic argues that trade usage requires that the John Deere is labeled as a lawn tractor; yet, no expert testified as to trade usage at the evidentiary hearing. (Doc. 30). Instead, website screen shots of three industry manufacturers were submitted into evidence with little explanation as to how they prove trade usage. (Doc. 30, Ex. 2). The John Deere in question is not shown in any screen shot provided. (Doc. 30, Ex. 2). Furthermore, trade usage, while persuasive, is not determinative.

Referencing John Deere's website, one will notice that the John Deere in question is not listed, presumably because it is more than two decades old. Nevertheless, Republic claims it is a lawn tractor per the manufacturer's description. However, that subsection—"Lawn Tractor"—on John Deere's website is located under "Riding Mowers" and is one of two subsections, the other being "Zero-Turn Mowers." Reliance on the John Deere website poses two problems. First, it implies that lawn tractors fall into the broad category of riding lawn mowers, which is contrary to the statutory language of § 522(f)(4)(B)(v) implying that a lawn tractor is more akin to a motor vehicle than a riding lawn mower. Second, the website suggests that every riding

mower other than a zero-turn mower is a lawn tractor. Considering the ambiguity as to trade usage presented on the manufacturer's own website, the Court focuses instead on the characteristics and functions of the John Deere in question to determine its classification.

The lawn mower, a John Deere 42" Deck STX 38, has a rotary blade and one main function: to cut grass. Although it was argued that a one can attach a small wagon, the John Deere cannot haul any significant weight or perform other material tasks. Neither does it have a PTO to operate additional equipment. The John Deere was manufactured for the purpose of cutting grass and any other function would be a secondary, less efficient use. "This piece of equipment is little more than a glorified push mower, a push mower minus the push." Evans, 548 B.R. at 451. Therefore, the John Deere is not a lawn tractor within the meaning of § 522(f)(4)(B)(v).

## IV. CONCLUSION

For the reasons set forth above, the John Deere is not a lawn tractor within the meaning of § 522(f)(4)(B)(v) and the Debtor's motion is GRANTED.

Done this 12th day of January, 2017.

United States Bankruptcy Judge


c: Charles G. Reynolds Jr., Attorney for Debtors
 William M. Hancock, Attorney for Republic Finance
 Sabrina L. McKinney, Acting Trustee